In the Matter of the Petition of THE CONEY ISLAND AND BROOKLYN RAILROAD COMPANY to acquire title to land in Kings county, now of EDWARD RIDLEY.

*Railroad company — location of route by statute — what map of route, sufficient.*

A railroad company was organized by an act of the legislature and authorized to construct its road between two points, and over certain streets and roads therein named. *Held*, that this constituted a practical location of its route by the legislature and dispensed with the notice of the location of its route and of the filing of the map required by the general railroad act.

The map as filed showed a single line running along a road, and a notice upon it stated that the center line of the railroad track was eighteen feet from the westerly line of the road. *Held*, that this showed with sufficient certainty the location of the road and the land to be taken.

Appeal from an order appointing commissioners to ascertain the compensation to be made by the petitioning railroad company to owners of certain lands to be taken for it.

*Philip S. Crooke*, for the appellant Ridley.

*Edgar M. Cullen*, for the petitioner, respondent.

Dykman, J.:

The Coney Island and Brooklyn Railroad Company was organized to construct and operate a railroad from Fulton ferry, in the city of Brooklyn, to a point on Coney Island, and by chapter 324 of the Laws of 1861, it was made lawful for the company to construct and operate its railroad from and to those points through and over the several streets, roads and avenues designated in that law, including the *locus in quo*.

This was a practical location of the road by the legislature, and dispensed with the necessity of any notice of location by the company. Ordinarily, when a route for a railroad is selected and a location is made, it is liable to be changed at the instance of the owner of the land over which the road is laid, and hence the statute requires that a certain notice of such location shall be given to

compel the landowner to move in the direction of such change, if he shall so desire.

This statute can have no application to a case of this kind, for the reason that the route is fixed and determined, and is not liable to be so changed. This shows that no notice of the filing of the map, or of the route adopted, was necessary.

As we understand the case, the map shows a single line running along the road, and has upon it a note which states that the center line of the railroad track is eighteen feet from the westerly line of the Coney Island road. This map showed the location of the railroad with sufficient certainty and the extent of the land proposed to be taken.

There was no difficulty in determining what land was proposed to be taken for the railroad, and we do not think the objections to the map are well-founded. Since the map was filed the road has been widened, and, as so widened, the center line of the track is thirty-three feet from the present west line of the road instead of eighteen feet, as stated in the note on the map, and hence the necessity of the amendment which was allowed by the court. This amendment was necessary, and the court had full power to allow it.

Whether the motive power on the contemplated road is to be steam or horse is immaterial. In either case the owner of the fee is entitled to compensation for the additional burden imposed upon it, and the proceeding instituted is entirely proper to ascertain what it shall be. The land proposed to be taken is necessary for the use of the railroad and for its operation, and all the facts exist which are necessary to authorize the railroad company to make the application and procure the appointment of commissioners. The case is brought within the law and within the railroad policy of this State, and the order appealed from must be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., concurred; GILBERT, J., not acting.

Order affirmed, with costs and disbursements.